UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,
vs.

DANNY JOHNSON, NANCY R. GERMAN and
VILLA VERDE FARMER'S MARKET, LLC,
    Defendant(s).

Case No:

# COMPLAINT

    Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants DANNY JOHNSON, NANCY R. GERMAN, and VILLA VERDE FARMER'S MARKET, LLC (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

    **1.**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

    **2.**    Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, Florida and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to

determine whether the property has been made ADA compliant. His access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in the Complaint.

3. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4. Defendants, DANNY JOHNSON and NANCY R. GERMAN, transact business in the State of Florida and within this judicial district. Defendants are the co-owners and/or representatives of the owner and/or operator of the property, which is the subject of this action, located on or about 26390 SW 147th Ave, Homestead, FL 33032 (hereinafter the "Facility").

5. Defendant, VILLA VERDE FARMER'S MARKET, LLC, is a limited liability company and transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or operator of the produce market known as Villa Verde, which is the subject of this action, located on or about 26390 SW 147th Ave, Homestead, FL 33032 (hereinafter "Facility")

6. The Facility is in an area frequently traveled by Plaintiff.

7. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8. In this instance, Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

9. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

10. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

11. Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

12. Mr. Pinero intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

13. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

14. Defendants have discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Accessible Parking Space**

    i. Parking area do not comply with the minimum number required contrary to 2010 ADA Code §208.2;

    ii. Parking space does not have signage indicating accessible parking contrary to 2010 ADA Code §502.6;

  iii. Parking space does not have an access aisle contrary to 2010 ADA Code §502.3;

**Accessible Route from Parking Space to Entrance**

  iv. Accessible route has a non- compliant cross slope contrary to 2010 ADA Code §403.3;

  v. The surface of the accessible route (sidewalk) is not slip resistant and/or is broken, loose or unstable contrary to 2010 ADA Code §403.2;

**Accessible Route to Public Restroom**

  vi. Accessible route has a vertical change in level contrary to 2010 ADA Code §403.4;

**Public Restroom**

  vii. Door does not provide the required maneuvering clearance on the pull side of the door contrary to 2010 ADA Code §404.2.4;

  viii. Doorway opening has a clear width of 27" contrary to 2010 ADA Code §404.2.3;

  ix. Doorway has a vertical change of level at door threshold contrary to 2010 ADA Code §404.2.5;

  x. Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

  xi. Non-compliant locking door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

  xii. Lavatory encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec;

  xiii. Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec;

  xiv. Water closet flush control is toward the wall side contrary to 2010 ADA Code §604.6;

  xv. Toilet tissue dispenser is mounted at a non-compliant distance behind the water closet contrary to 2010 ADA Code §604.7;

  xvi. Water closet seat is mounted at 16.5" above the finished floor to top contrary to 2010 ADA Code §604.4;

  xvii. Water closet is centered at 21.5" from side wall contrary to 2010 ADA Code §604.2;

 xviii. Lavatory does not provide the required knee clearance contrary to 2010 ADA Code §606.2.2;

 xix. Lavatory mirror is mounted at 54" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

 xx. Water closet does not have a side wall grab bar contrary to 2010 ADA Code §604.5.1;

 xxi. Water closet does not have a rear wall grab bar contrary to 2010 ADA Code §604.5.2;

 xxii. Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5;

 xxiii. Lavatory has a 16" wide clear floor space contrary to 2010 ADA Code §606.2;

 xxiv. Lavatory is mounted at 34.5" above the finished floor to top of rim contrary to 2010 ADA Code §606.3;

 xxv. Paper towel dispenser is mounted beyond required reach allowed for approach provided and is mounted at 54" above the finished floor contrary to 2010 ADA Code §308.2.1;

 xxvi. Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 54" above the finished floor contrary to 2010 ADA Code §308.2.1;

 xxvii. Clear floor space does not provide the required diameter wheelchair turnaround space in room contrary to 2010 ADA Code §304.3;

15. The above listing is not to be considered all-inclusive of the barriers, conditions, and/or violations which exist at the Subject Premises. Naturally, because Plaintiff encountered and observed the initial barriers to access, above, he was denied full access to all areas of the Subject Premises.

16. It is in the best interest of all persons with disabilities that a full inspection be completed to ensure that the Subject Premises is in full compliance with the ADA and ADAAG for all disabled customers. Further, a full inspection of the entire property would be beneficial to all Parties to this action because it would protect Plaintiff from the likelihood further discrimination, difficulty, frustration, and social embarrassment of encountering additional

barriers to access once he has equal, full, and unrestricted access to all public areas of the Subject Premises—and Defendants would benefit from an inspection of the entire Subject Premises, as they will be able to efficiently identify all barriers to access and finally bring the Subject Premises into compliance with the ADA, which was enacted over three (3) decades ago, preventing further discrimination based on disability towards any future customers.

17. Mr. Pinero has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

18. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**21.** The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**22.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 558730
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
561.573.2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
305.804.5435
WassenbergL@gmail.com